RECEIVED
MAY 3 0 2014
DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: 14-1291

Case Name: Charles Smith V. William Revely, Et Al.

Name: Charles Smith

Address: 3430 Sherbourne Road

City: Detroit          State: MI      Zip Code: 48221

## PRO SE APPELLANT'S BRIEF

**Directions:**  Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?     ☑ Yes     ☐ No

   If so, what facts?
   See attached Brief on Appeal.

2. Do you think the District Court applied the wrong law?     ☑ Yes     ☐ No

   If so, what law do you want applied?
   Laws dealing with Matter of Jurisdiction and PTFA.

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?

☑ Yes  ☐ No

If so, what are they?

See attached Brief on Appeal.

4. What specific issues do you wish to raise on appeal?

1. The District Court improperly determined that the Complaint fails to state a claim upon which relief can be granted; 2. The District Court improperly dismissed Smith's Complaint because Appellant is protected under the Protecting Tenants at Foreclosure Act of 2009 (Count II) does not fail as a matter of law because the PTFA does protect a tenant who took possession of property despite foreclosure that took place four years ago; 3. The District court eluded to the fact that Appellant may lack standing to challenge the foreclosure, which occurred more than four years ago, but Appellant's Complaint was valid, proper and was not a collateral attack on the eviction court's judgment and is not barred by the doctrines of res judicata and collateral estoppel since there was never an action by either party in any jurisdiction; 4. The District Court lacked subject-matter jurisdiction pursuant to 28 § 1332 because there is not complete diversity between the opposing parties that are necessary parties in the instant law suit.

5. What action do you want the Court of Appeals to take in this case?

Remand for settlement.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the __27__ day of
_____ May , 2014 .

Signature (Notary not required)

*Charles Snett*

RECEIVED

MAY 3 0 2014

DEBORAH S. HUNT, Clerk

<u>14Smith v. William Revely, Et Al.</u> **Appeal Case No.: 14-1291**

**The United States Court of Appeals for the Sixth Circuit**
540 Potter Stewart U.S. Courthouses
100 East Fifth Street
Cincinnati, Ohio 45202-3988

Dist. Case No. 2013-cv-12051

**CHARLES SMITH,**

　　Plaintiff-Appellant,

v.

**WILLIAM REVELY; BANK OF AMERICA, N.A.,**
as Successor by merger to **LASALLE BANK NATIONAL
ASSOCIATION**, as Trustee, a Foreign Corporation,
Jointly and Severally

　　Defendants.

## <u>APPELLANT'S CERTIFICATE OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Sixth Circuit Rule 26.1-1, Appellant Charles Smith certifies that the following persons or entities have or may have an interest in the outcome of this case and thus, Appellant submits her certificate of interested person and corporate disclosure statement, stating as follows:

1.　　Laura C. Baucus- Counsel for Appellee BANA

2.　　Jennifer Boueri Chilson- Counsel for Appellee BANA

3.　　Joseph H. Hickey- Counsel for Appellee BANA

i

4.     Nasseem S. Ramin-Counsel for Appellee BANA

5.     William Revely- Defendant I the proceedings before the U.S. District Court for the Eastern District of Michigan, Southern Division

6.     Long Beach Mortgage Company- Interested Third Party

7.     Delicia A. Cain Taylor Coleman- Previous Counsel for Appellant

8.     LaSalle Bank National Association

9.     Charles Smith-Appellant

10.    Bank of America- Appellee

11.    Honorable Arthur J. Tarnow-U.S. District Court Judge, U.S. District Court for the Eastern District of Michigan, Southern Division

12.    Honorable Michael J. Hluchaniuk- U.S. District Court Magistrate Judge for the Eastern District of Michigan, Southern Division

13.    Other than the parities in this appeal and identified in the disclosure statement, Appellant knows of no other person or entity that has an interest in the outcome of this particular case or appeal.

Respectfully submitted,

Dated May 27, 2014         By:_____

Charles Smith (*Pro Per*)
3430 Sherbourne Road
Detroit, MI 48221
(313) 899-0089
inbox@afallc.org

ii

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 3(a) (1), Appellant respectfully submits that the facts and legal arguments are adequately presented in the briefs and record, and that the Court's decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT    .    .    .    i, ii

STATEMENT REGARDING ORAL ARGUMENT    .    .    .    iii

TABLE OF CONTENTS    .    .    .    .    .    .    .    iv

TABLE OF CITATIONS    .    .    .    .    .    .    vi, vii, viii

I. STATEMENT OF JURISDICTION.    .    .    .    .    .    1

II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW    .    1, 2

III. STATEMENT OF THE CASE    .    .    .    .    .    .    2

    A. Statement of Facts    .    .    .    .    .    .    .    5

    B. Statement of the Standard of Review    .    .    .    .    8

IV. SUMMARY OF APPELLEE'S ARGUMENT .    .    .    .    9

V. ARGUMENT AND CITATIONS OF AUTHORITY .    .    .    10

    **1. The District Court improperly determined that
the Complaint fails to state a claim upon which relief
can be granted.**    .    .    .    .    .    .    .    **10**

    **2. The District Court improperly dismissed Smith's
Complaint because Appellant is protected under the
Protecting Tenants at Foreclosure Act of 2009 (Count II)
does not fail as a matter of law because the PTFA does
protect a tenant who took possession of property
despite foreclosure that took place four years ago.**    .    .    **11**

    **3. The District court eluded to the fact that Appellant
may lack standing to challenge the foreclosure, which occurred**

more than four years ago, but Appellant's Complaint
was valid, proper and was not a collateral attack on the
eviction court's judgment and is not barred by the
doctrines of res judicata and collateral estoppel since there
was never an action by either party in any jurisdiction.    .    17

**4. The District Court lacked subject-matter jurisdiction
pursuant to 28 § 1332 because there is not complete diversity
between the opposing parties that are necessary parties in the
instant law suit** .    .    .    .    .    .    .    .    21


VI. CONCLUSION    .    .    .    .    .    .    .    .    24

CERTIFICATE OF COMPLIANCE .    .    .    .    .    .    25

CERTIFICATE OF SERVICE .    .    .    .    .    .    .    26

# TABLE OF CITATIONS

**Cases**                                                                **Page**

Bell Atlantic Corp. v. Twombly,
550 US 544; 127 S.Ct. 1955, 1974 (2007) . . . . 8, 9, 11, 12

Boxer X. v. Harris, 437 F.3d 1107, 11 l0 (11th Cir. 2006)
(Citation and quotations omitted) . . . . . 9

Bryant v. Avado Brands, Inc., I87 F.3d 127I, 1280 (1lth Cir. 1999) . 6

Caudill v. North American Media Corp., 200 F.3d 914 (6th Cir. 2000) . 21

Carter v. Semta, 135 Mich App 261 (1984) . . . . . 20

Conley v. Gibson, 335 U.S. 41, 45-46, 78 S.Ct 99,
102, 2 L.ed.2d 80 (1957) . . . . . . 10

Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.E.2d 26 (1975). . 16

Galper v. U.S. Shoe Corp., 815 F. Supp 1037 (E.D. Mich. 1993) . 19

GJR Inv., Inc. v. County of Escambia, Fla.,
132 F.3d 1359, 1369 (1lth Cir. 1998) . . . . . 9

Goldman v. Belden, 754 F2d 1059, 1065 (2d Cir. 1985) . . . 10

Grossman v. Nationbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) . 11

Hishon v. King & Spaulding,
467 U.S. 69, 73; 104 S.U. 2229, 2232 (1984) . . . . 12

In re Ward's Estate, 152 Mich 218, 116 N.W. 23 (1908) . . . 20
IUE AFCIO Pension Fund v. Herrmann,
9 F.2d 1049, 1052-53 (2d Cir. 1993) . . . . . 10

Joel v. Hsbc Bank, 420 Fed. Appx. 928, 2011 WL 1197528 (C.A.11 (GA)    16, 17

Labounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991)    .    .    .    10

Maxcess, Inc. v. Lucent Tech's, Inc.,
433 F.3d 1337, 1340 n.3 (11th Cir. 2005)
(Citation omitted) .    .    .    .    .    .    .    .    .    6

Proctor & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,
879 F.2d 10, 14 (2d Cir. 1989), cert. denied.
*994493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990)    .    .    10

Randall v. Scott, 610 F.3d 701,706 (11th Cir. 2010).    .    .    .    9

Reed v. Robilio, 376 F.2d 392, 394 (6th Cir. 1967) .    .    .    .    22

Roberts v. Farmers Ins. Exch.,
275 Mich. App. 58, 73; 737 N.W.2d 332 (2007)    .    .    .    .    17

Rogers, Plaza, Inc. v SS Kruse Co.,
32 Mich. App. 724, 743; 189 N.W2d 346 (1971)    .    .    .    .    17

Safeco Ins. Co. of America v. City of White House,
 36 F.3d 540, 545 (6th Cir. 1994)    .    .    .    .    .    .    21
Scheinman v. Baker, 250 Mich 668, 230 N.W. 904 (1930).    .    .    20

Speaker v. U.S. Dep't of Health and Human Services
Centers for Disease Control and prevention,
623 F.3d 1371, 1379 (11th Cir. 2010)    .    .    .    .    .    .    10, 11

Thompson v. Thompson, 484 U.S. 174, 179, 108 S.Ct.
513, 98 L.Ed.2d 512 (1998)    .    .    .    .    .    .    .    16

Touche Ross & Co. v. Redington, 442 U.S. 560-76, 99 S.Ct.
2479, 61 L.Ed.2d 82 (1979)    .    .    .    .    .    .    .    16

Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 18-19 (1979)    13

Ward v. Detroit Automobile Inter-Ins Exchange,

115 Mich App 30; 320 NW2d 280 (1982) . . . . . . 20

**Statutes**

28 U.S.C. 1291 . . . . . . . . . 1

28 U.S.C. 1332 . . . . . . . . . 1, 9,
201

PTFA . . . . . . . . . 1, 9, 13, 14, 15, 16

M.C.L. 600.5704 . . . . . . . . 19

**Other Sources**

Fed. R. Civ. P. 12(b)(6) . . . . . . 1, 7, 8, 10, 11

Sixth Circuit Rule 26.1-1 . . . . . . . i

Fed. R. App. P. 3(a)(1) . . . . . . . iii

Fed. R. App. P. 32(a)(5) . . . . . . . 12

Fed. R. App. P. 32(a)(6) . . . . . . . 12

Fed. R. App. P. 32(a)(7)(C) . . . . . . 12

Fed. R. App. P. 32(a)(7)(t) . . . . . . 12

Fed. R. App. P. 32(a)(7)(B) . . . . . . 12

# I. STATEMENT OF JURISDICTION

The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. §1291 because Plaintiff Charles Smith ("Smith") asserted a claim against Defendants Bank of America, N.A. ("BANA"); as successor by merger to LaSalle Bank National Association, as Trustee; and William Revely to (1) Quiet title (2) PTFA; (3) Specific Performance; and (4) Declaratory Relief.

This Court has jurisdiction over the appeal of the District Court's Order granting Appellees BANA's Motion to Dismiss entry [11], pursuant to Federal Rule of Civil Procedure 12(b)(6).

# II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

(1) The District Court improperly dismissed Smith's Complaint because Appellant should be protected under the Protecting Tenants at Foreclosure Act of 2009 (Count II) does not fail as a matter of law because the PTFA does protect a tenant who took possession of property despite foreclosure that took place four years ago?

(2) Appellant's specific performance claim (Count III) should not be dismissed because specific performance is a claim the ultimately results in a remedy of an action which Plaintiff is entitled?

(3) The District Court never considered Appellant lack standing to challenge the foreclosure, that occurred more than four years ago, but Plaintiff's complaint is valid, proper and is not a collateral attack on the eviction court's judgment and is not barred by the doctrines of res judicata and collateral estoppel since there was never an action by either party in any jurisdiction?

1

**(4)** The District Court lacked subject-matter jurisdiction pursuant to 28 § 1332 because there is not complete diversity between the opposing parties that are necessary parties in the instant law suit?

**(5)** Appellant has asserted theories and allegations that should have been considered by the District Court, because they were raised in Smith's Complaint but, never actually addressed or ruled upon by the District Court in the proceedings below?

## III. STATEMENT OF THE CASE

In BANA's actions by merger of a failed financial institution collectively, the efforts are certainly questionable even with BANA's attempt to cloud the issue and shift blame while omitting its own negligence, since they actually had no substantial understand of the status of the mortgage or thereafter of any of the foreclosure proceeding considering the record keeping, assignments, transfers, title and or sale of assets held by failed institutions and now, allegedly "Asset Backed Certificates", it is further unknown where and how these Certificates originally originated, which is allegedly supported by the Federal Regulation, or if it was the true intent of the Congress or was the actually backs the Certificates created to ease the impact of toxic mortgages and it is evident by BANA's own admission,¶ 1of BANA's motion to dismiss.

Unfortunately, BANA began its introduction with misleading and untrue and fabricated statements, but not exactly untruths, but not exactly truths either, but a great deal of omitted facts, which are addressed in Appellant's brief in support.

2

First, BBANA alleges that Appellant offered no "factual support" against BANA relating to the "Property" in question located at 3430 Sherbourne in Detroit, Michigan. BANA further, states "In particular, Appellant alleges that he is a tenant of property that was foreclosed upon over five (5) years ago, unbeknownst to Appellant. Nevertheless, now Appellant claims an interest in the property that would be jointly, if not superior to that of the foreclosing entity in whose favor a judgment of possession allegedly exist against, but fail to mention any judgment was against Defendant Revely, not Appellant.

However, these are very misleading statements intended to prejudice this Court against Appellant by making several untrue statements for instance (1) Appellant never alleged anywhere in his Complaint that the property was foreclosed four years ago, nor did Appellant have any knowledge the property had been foreclosed upon; (2) Appellant never alleged that he was in title nor was his claim to possession superior to BANA or any other interested party, known or unknown; (3) BANA statement also implies that any prospective tenant of property being offered for rent/lease, should know that a property is in foreclosure, which is absurd. With that being said who could imagine that a property could be held during foreclosure for such a great length of time, certainly not Appellant, with that in mine, despite BANA rationale BANA should have been in possession to prevent the property from being offered for lease by the recorded title holder, by having

3

possession five (5) years ago; and finally (4) BANA failed to enlighten the Court of those fact. BANA allegedly obtained a judgment of possession from the 36th Judicial District Court against Defendant Dr. William Revely, which was unknown to Appellant but, more importantly BANA fails to mention relating to this action Appellant's Complaint first filed in the Wayne County Court and originally assigned to the Honorable Patricia Fresard, who granted an Order to show cause to maintain the *status quo* until a hearing on the matter could come before it and to show why a preliminary injunction should not be granted. On March 27, 2013, 03/27/2013, *See* (**Exhibit 1**-Order to Show Cause); Nevertheless, the matter was subsequently, reassigned to Honorable Daphne Means Curtis who subsequently, issued an injunctive Order, after being extremely familiar with the antics of Defendant Dr. William Reverly and was the presiding judge throughout every action relating to the subject property. (*Id.*)

After oral arguments, the trial court being advised in the premises regarding Appellant's motion for preliminary injunction, Judge Curtis on May 3, 2013, 05/03/13, granted Appellant an injunctive order, with the note "order to follow". However, BANA in an effort to circumvent the Circuit Court's order on May 5, 2013, 05/08/13, removed the matter on the basis of *diversity,* which is also questionable, considering there is a Defendant that cannot claim the same, thus, the proper jurisdiction rested with the Wayne County Circuit Court.

The Circuit Court instructed Appellant to present an Order for entry that the Circuit Court had granted May 3, 2013, 05/03/13, prior to the matter being removed. Presentment was submitted to the Circuit Court May 28, 2013, 05/28/13, under the 7 day Rule, BANA filed an objection on May 31, 2013, 05/31/13. (*Id.*) *See* (**Exhibit 2**- Register of Action)

## A. STATEMENT OF FACTS

On October 24, 2005, Revely obtained a loan in the amount of Two Hundred Ninety Three Thousand and Two Hundred fifty & 00/100 Dollar ($293,250.00), plus interest as outlined in the refinancing of the subject property through Long Beach Mortgage Company. On December 31, 2008, Long Beach assigned the mortgage to LaSalle Bank, N.A. ("LaSalle") as trustee for WaMu Mortgage Pass-through Certificate Series 2006-HE1 Trust ("WaMu") Subsequently Defendant Revely defaulted on the mortgage. On May 20, 23009, a Sheriff's Sale was conducted and the successful bidder was apparently BANA and thus, a Sheriff's Deed was issued accordingly. Here lies the problem Defendant Revely matters shadowed upon Appellant's matter negatively since, Defendant Revely's matter had already been litigated adversely affecting Appellant's action. As to BANA's red herring interjection and tactics involving Defendant William Reverly were successful, whereas, BANA motion to dismiss, entry [11], However, BANA's complete brief in support, ironically consisted of 18 pages, including title pages

5

and seven (7) pages being totally dedicated to an action between BANA and Defendant William Revely as an attempt to re-litigate already affirmed rulings and prejudice the trial court. However, Appellant lacked any sufficient information to address or to form a belief as to its truthfulness and accuracy, but notes it is simply irrelevant to the case at bar. This was nothing more than a successful effort by BANA to prejudice this Court against the victim, Appellant.

BANA failures to properly or adequately prosecute the "Reverly" matter should not have any bearing in this instant, in regards to BANA's failure to obtain possession prior to Appellant's involvement that has caused severe emotional distress upon Appellant and his family.

Further, BANA persuaded the trial court into accepting its interpretation of the facts as true, since Appellant was not privy and cannot just make-up facts to appease. BANA was also successful in convincing the trial court to view the matter as some sort of co-conspirator or squatter's theory, which nothing was further from the truth, so much that the trial court and counsel for BANA attempted to resolve the matter and had agreed to allow Appellant to purchase the property and once Appellant provided proof of funds Appellee then elected to increase the amount agreed upon during the hearing that took place in the chambers of the trial court. Appellant predicted the trial court would be so

6

outraged at the implications, that Appellant's Complaint would simply be ignored and the "Revely" matter would be in essence affirmed in the instant, actually re-litigating a matter already decided on, thus, allowing BANA an unfair advantage while at the same time prejudicing the trial court against Appellant's claims to possession based upon the "Revely" case, which was not before it.

This does not, however, bar the consideration of reviewing an Order on a motion to dismiss because, as this Court has noted, "a document outside the four corners of the complaint may still be considered if it is central to the Appellant's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Tech's, Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citation omitted); see also *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).

It is central to Smith's Complaint to understand the relationship of the Defendant Revely and BANA to Appellant Smith, as well as the factual circumstances leading up to the dispossessory action by the trial court and the filing of Appellant's Complaint.

Defendant Revely apparently defaulted on his obligations owed under the Note, and as a result, the loan evidenced by the Note was referred to Trott & Trott, PC to conduct a non-judicial foreclosure sale. Smith filed his Complaint against all the listed Defendants, which included BANA, alleging four counts: 1) Quiet

7

Title; 2) Declaratory Relief; 3) PTFA; and 4) Specific Performance. ("Complaint," 03/25/13)

Appellant alleged that all Defendants collectively by merger or succession aided Defendant Revely in his efforts to induce and subsequently, defraud Appellant regarding title of the property located at 3430 Sherbourne Road, Detroit, MI 48221 (Id.) Complaint ¶ 2-3) Appellant further states that BANA negotiated in bad faith, by agreeing to an amount and upon the date which the motion for dismissal was to take place, BANA increased its agreed upon amount, forcing Appellant to have a claim for promissory estoppel, which was not preserved for appeal but should be part of the record and considered for review. (Id.)

Additionally, Appellant also alleges in his pleadings violations of the Michigan Consumer Protection Act whereas, BANA has engaged in unfair, unconscionable or deceptive practices when failing to disclose material facts of that transaction.

## B. STATEMENT OF STANDARD OF REVIEW

Appellant Charles Smith submits that the District Court erred when granting BANA's motion to dismiss pursuant to Fed. R Civ. P. 12(b) (6).

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all of the plaintiff's factual allegations as true and reasonable inferences in the light most favorable to

8

the plaintiff. See, *Hishon v. King & Spaulding*, 467 U.S. 69, 73; 104 S.U. 2229, 2232 (1984). Dismissal is appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US 544; 127 S.Ct. 1955, 1974 (2007)

Smith provided a sufficient complaint that should have survived a motion to dismiss. To show that BANA committed fraud in the inducement by agreeing to allow Smith an opportunity to purchase the property according to the lease with an option to purchase. Although "[p|ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys" entitling them to "be liberally construed", *Boxer X. v. Harris*, 437 F.3d 1107, 11 l0 (11th Cir. 2006) (citation and quotations omitted), courts still must not "serve as de facto counsel for a party", *GJR Inv., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (1lth Cir. 1998), overruled on other grounds by *Randall v. Scott*, 610 F.3d 701,706 (1lth Cir. 2010).

## IV. SUMMARY OF THE APPELLANT'S ARGUMENT

Smith contends as follows:

(1) The District Court improperly dismissed Smith's Complaint because Appellant should be protected under the Protecting Tenants at Foreclosure Act of 2009 (Count II) does not fail as a matter of law because the PTFA does protect a tenant who took possession of property despite foreclosure that took place four years ago.

9

(2) Plaintiff's specific performance claim (Count III) should not be dismissed because specific performance is a claim the ultimately results in a remedy of an action which Plaintiff is entitled

(3) Plaintiff may lack standing to challenge the foreclosure, that occurred more than four years ago, but Plaintiff's complaint is valid, proper and is not a collateral attack on the eviction court's judgment and is not barred by the doctrines of res judicata and collateral estoppel since there was never an action by either party in any jurisdiction.

(4) This Honorable Court lacks subject-matter jurisdiction pursuant to 28 § 1332 because there is not complete diversity between the opposing parties that are necessary parties in the instant law suit.

(5) Appellant has asserted theories and allegations that should have been considered by the District Court, because they were raised in Young's Complaint but, never actually addressed or ruled upon by the District Court in the proceedings below.

## V. ARGUMENT AND CITATIONS OF AUTHORITY

### 1. The District Court improperly determined that the Complaint fails to state a claim upon which relief can be granted.

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6), unless it appears "beyond doubt that a part cannot prove no set of facts in support of his claim which would entitle him to relief" *Goldman v. Belden,* 754 F2d 1059, 1065 (2d Cir. 1985) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct 99, 102, 2 L.ed.2d 80 (1957)*; also see IUE AFCIO Pension Fund v. Herrmann,* 9 F.2d 1049, 1052-53 (2d Cir. 1993), cert. denied.

It is not the Court's function to weigh the evidence that might be presented at trial, the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman, 754 F.2d at 1067,* and in do so, it is well settled that the court must accept the allegations of the complaint as true, *see Labounty v. Adler,* 933 F.2d 121, 123 (2d Cir. 1991); *Proctor & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,* 879 F.2d 10, 14 (2d Cir. 1989), cert. denied. *994493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990)

The court must also accept the factual allegations in the complaint as true, and viewing them in the light more favorable to the plaintiff. *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010) to survive a motion to dismiss, a complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007) the complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* At 555, 127 S.Ct at 1964-1965.

In ruling on a motion to dismiss, the Court may consider documents attached to the complaint. *See Grossman v. Nationbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) *("when considering a motion to dismiss the court limits its consideration to the pleadings and exhibits attached thereto.") (quotation omitted).*

11

None of the above was ever given consideration in granting Appellee BANA's motion to dismiss.

**2. The District Court improperly dismissed Smith's Complaint because Appellant is protected under the Protecting Tenants at Foreclosure Act of 2009 (Count II) does not fail as a matter of law because the PTFA does protect a tenant who took possession of property despite foreclosure that took place four years ago.**

Appellant Charles Smith submits that the District Court erred when granting Appellee HSBC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6).

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all of the plaintiff's factual allegations as true and reasonable inferences in the light most favorable to the plaintiff. See, Hishon v. King & Spaulding, 467 U.S. 69, 73; 104 S.Ct. 2229, 2232 (1984). Dismissal is appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 US 544; 127 S.Ct. 1955, 1974 (2007).

Appellant provided a sufficient complaint that should have survived a motion to dismiss. Appellant claimed that the Protecting Tenants at Foreclosure Act of 2009 applied to her lease and that she should not be evicted. Under the Act, a tenant has the right to remain in the premises during the term of the lease, except

for actions that constitute good cause.

In the present case, Appellant entered into a "bona fide lease" on March 15, 2013 and said lease expires two years to the date. Additionally, there is no good cause to terminate the lease. As such, Appellant is entitled to remain in the premises until the lease expires on February 1, 2014.

Appellee argues that although the term of the lease is from February 1, 2009 until February 1, 2014, a month-to-month was created according to the terms of the lease. Defendant's argument is without merit for two reasons.

First, Appellee is not a party to the lease contact and, therefore, cannot enforce its terms—it cannot argue what the intent of the parties was when entering into the lease agreement. Further, there is no provision within the lease for a successor to enforce the terms of the lease.

Secondly, Defendant misreads the lease as to the intent of Appellant. Taking the lease as a whole, the lease terminates on March 16, 2014.

For the above reasons, Appellee's motion to dismiss should have been denied. BANA is not a party to the lease and cannot state what the intent of the parties was when entering into the lease. Additionally, the lease agreement remains in force until March 16, 2014 and only then does it become a month-to-month tenancy.

13

BANA argues and cites PTFA handbooks in-part to support its argument along with other one-side cites that claim Appellant is not protected under PTFA. However, to the contrary, the interpretation of PTFA which is seriously flawed, it has been explained many parts were not the true intent of the legislative. *See Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 18-19 (1979)* (finding that Congress intended to create a private right of action, in part, because seeking relief under the statute in the context of the court litigation or as a defense was inadequate to effectuate Congressional purpose. Nevertheless, the operative word in BANA's assertion is two pronged (1) "bona fide lease entered into **before notice of foreclosure**" here lies the problem of interpreting the intent of Congress the question becomes who should receive the "notice of foreclosure"? Certainly after four years since the foreclosure and subsequent sale as alleged by BANA outlines in its brief in support, but the simple fact is simple, Appellant could never have received a notice of foreclosure four years ago because, he was not in possession of the property foreclosed upon some four years ago nor would Appellant have knowledge the property had or been through foreclosure, since BANA failed to affix or post any notices giving warning to any would-be purchaser or tenant as they do for property deemed abandoned or under its control, nor did BANA place any realtor land signs of ownership anywhere on the property; (2) which brings us to another question; when should the notice of foreclosure be

14

provided to a bona fide tenant? Four years ago, when Appellant was not a tenant, with an option to purchase? Or should notice been given upon discovering Appellant was in possession, which BANA knew or should have known, since it claims ownership, thus, BANA would and should bear the responsibility to safeguard the community, which in the instant it failed to do?

Nevertheless, pursuant to PTFA as the title holder BANA is required to provide a 90 day notice to vacate to Appellant, which was never done to date, just the threat of eviction, despite Appellant's willingness and ability to purchase the property BANA position has changed during the hearing on BANA's motion to dismiss entry [11].

The Protecting Tenants at Foreclosure Act of 2009 also states that... In the case of any foreclosure on federally-related mortgage loans or any dwelling or residential real property after date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume interest subject to-

(1) The provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 before the effective date of such notice; and

(2) The right of any bona fide tenant, as of the date of each notice of foreclosure-

(A) Under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the lease... See 123 Stat. 1632, 1660 (2009)

The Supreme Court further added in *Cort v. Ash* set forth a fourth-factor test for evaluating whether a federal statute creates a right of action that may be enforced by private parties in federal court. *See Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.E.2d 26 (1975)*. Those factors are: 1(1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether "there[is] any indication of legislative intent, explicit or implicit , either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy of the plaintiff;" and (4) whether the cause of action [is] one traditionally relegated cause of action base solely on federal law." *See* id. Generally, "... the first three factors... are the ones traditionally relied upon in determining legislative intent." *See Touche Ross & Co. v. Redington, 442 U.S. 560-76, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)*. In weighing the four factors used by Cort, the Supreme Court has emphasized that intent is the most important element in the analysis. *See* Thompson v. Thompson, 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1998)

Finally, the rights created by the PTFA goes beyond mere eviction defenses – they provide bona fide tenants with any rights that had been theirs under their lease with the prior owner, as well as continued occupancy rights for at least 90

16

days following a PTFA required notice. . .... The second factor in *Cort*, supra, asks is whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny on." *See Cort, supra, 422 U.S. at 78.* On its face, the statute does not explicitly state whether Congress intended PTFA to create a private rights action. The PTFA does state that tenants are granted a right to remain in their homes for at least 90 days" And after a review of the Congressional Record indicates that it can be inferred that Congress intended for tenants to have legal protection to deal with the foreclosure crisis.

In the case at bar, unlike *Joel v. Hsbc Bank, 420 Fed. Appx. 928, 2011 WL 1197528 (C.A.11 (GA)* Appellant's lease is not a lease at will, instead is a lease for a fixed term. Even in *Joel, supra,* the tenant in that instance was provided notice of the foreclosure even after the sale had taken place over a year prior to taking possession under the lease. The only reason *Joel* was unsuccessful in her action based on the Court opinion was *Joel's* lease had no terminating date, thus, it was considered [at] will. However, in this instant Appellant's lease has a termination date and ends with only one option, to purchase which Appellant is willing and able to do so. **(Exhibit** 3-Lease)

Further, "The doctrine of impossibility may extinguish a party's liability under a contract if performance of the party's promises becomes objectively

17

impossible." *Roberts v. Farmers Ins. Exch.*, 275 Mich. App. 58, 73; 737 N.W.2d 332 (2007) "Courts have classified impossibility into two categories: original and supervening." *Rogers, Plaza, Inc. v SS Kruse Co.,* 32 Mich. App. 724, 743; 189 N.W2d 346 (1971) "original impossibility exists when performance is promised that was impossible at the time of the contract's inception, whereas supervening impossibility develops sometimes after the parties entered into their contractual agreement." (Id.)

   **3. The District court eluded to the fact that Appellant may lack standing to challenge the foreclosure, that occurred more than four years ago, but Appellant's Complaint was valid, proper and was not a collateral attack on the eviction court's judgment and is not barred by the doctrines of res judicata and collateral estoppel since there was never an action by either party in any jurisdiction.**

BANA argued that the action by Appellant was an attack on the eviction court, res judicata and collateral estoppel, this assertion is clearly misplaced and must fail, if for no other reason BANA's unclean hands.

This assertion by BANA must be viewed first, under the law and secondly, with common sense, meaning BANA alleges that Appellant who was not a party to any action with BANA or Defendant William Reverly, ever, prior to filing suit in the Wayne County Circuit Court against both named Defendants, and Appellant

18

resents the implications that Appellant was ever sued by either Defendant William Reverly or BANA thus, res judicata doesn't apply.

Ironically, though as to this argument BANA is attempting to accuse Appellant of collaterally attacking the eviction court and res judicata, while doing exactly the same thing without res judicata attached. Here is the scenario, after losing the motion to deny Appellant an injunctive order in the State court, on a Friday, May 3, 2013, 05/03/13, on a Monday, May 8, 2013, 05/08/13, BANA sought to remove the instant to the US. Federal Court to gain relief, however improper, this was without just cause or *complete diversity*, only for the mere fact of failing to deny the injunctive order sought by Appellant.

While on the other hand, BANA claims Appellant's action is a collateral attack on the eviction court's order of possession, being mindful that Appellant was not a party to nor had any knowledge of the action, thus, a collateral attack in any capacity is non-exiting.

In essence, BANA wishes this Court ignore its efforts in collaterally attacking the circuit court's injunctive order after its removal to this Court to seek relief by dismissal and subsequently, to lift the circuit court's injunctive order, by raising unfounded and meritless accusation hoping to keep the Court's focused on the eviction court order instead of the injunctive order while it has the Court take

19

an almost appellate position of the circuit court.  (*Id.*) Nevertheless, this has been

tested.  *See Galper v. U.S. Shoe Corp., 815 F. Supp 1037 (E.D. Mich. 1993)*

In *Galper* Plaintiff filed a lawsuit in Oakland County Circuit Court on

November 10, 1992, and the circuit court entered a preliminary injunction in order

to maintain the *status quo* until the case could be resolved on the merits.

On November 20, 1992, defendants removed the case to Federal Court on

the basis of *diversity* jurisdiction and sought dismissal and lift the injunctive order.

(*Id.*)

The court in rejecting the argument concluding, that *M.C.L. 600.5704* does

not restrict the jurisdiction of the circuit court and further the subject matter of the

case out of which the preliminary injunction arose that the circuit court clearly has

jurisdiction.

Further, the doctrine of *res judicata* bars re-litigation of a claim under three

conditions:  (1) the parties or their privies in prior and present suits must be

identical; (2) the causes of action in two suits must be identical or be based on the

same set of operative facts; and (3) there must have been a final judgment on the

merits in a court of competent jurisdiction.  *Ward v. Detroit Automobile Inter-Ins*

*Exchange, 115 Mich App 30; 320 NW2d 280 (1982).*

20

In order for the doctrine to apply, the former action must have been decided on the merits, the same matter contested in the second action must have been decided in the first, and the actions must be between the same two parties or their privies. Obviously, that is not the situation at bar.

Generally, even a voluntary discontinuance of a cause by plaintiff, or the dismissal of the action on his or her motion, does not amount to a judgment on the merits and therefore will not bar a new action on the same subject matter. *Scheinman v. Baker, 250 Mich 668, 230 N.W. 904 (1930); In re Ward's Estate, 152 Mich 218, 116 N.W. 23 (1908); Carter v. Semta, 135 Mich App 261 (1984)*

In the case at bar, that is not the situation there has never been any litigation between either Defendant with or against Appellant in any capacity, despite BANA attempted assertion of BANA's action between Defendant William Revelry and itself. Thus, BANA argument is simply without merit.

4.  **The District Court lacked subject-matter jurisdiction pursuant to 28 § 1332 because there is not complete diversity between the opposing parties that are necessary parties in the instant law suit.**

Pursuant to 28 U.S.C. § 1332, Congress extended the federal jurisdiction to civil actions involving citizens of different states. This provision has been interpreted to mean jurisdiction can only be conferred on the court where there is

21

*complete diversity*, that is, that no party share citizenship with any opposing party.
*Safeco Ins. Co. of America v. City of White House,* 36 F.3d 540, 545 (6th Cir.
1994); *Caudill v. North American Media Corp.,* 200 F.3d 914 (6th Cir. 2000)

In the case at bar, Appellant is a resident of the State of Michigan, BANA is
not. However, Defendant William Revelry upon the information available and
after service upon Defendant William Reverly it is clear he is a citizen of the State
of Michigan and determining jurisdiction *diversity* is in fact, not complete.

With regards to individual Defendant William Reverly the complaint alleges
he is a citizen of the State of Michigan. As to the issue of *diversity* the Court could
exercise it discretion under Federal Rule of Civil Procedures Rule 21, to retain
*diversity* jurisdiction over a case by dropping a non-diverse party, if the party's
presence in the action is not required under Federal Rule of Civil procedure Rule
19. That is, the party to be dropped must not be a necessary party. However,

Appellant would strongly argue, since the Summon issued by the circuit
court doesn't expire until June 26, 2013, 06/26/13, and Defendant William Revelry
is a crucial party and service has been perfected this would eliminate **complete
diversity** in regards to Appellant's complaint thus, removal was premature, hastily
and with malice after the loss to deny Appellant injunctive protecting.

22

Consider this fact, if BANA would have been successful in denying the injunctive order, BANA would never have sought removal based on *diversity*, it would have been pointless and for this reason alone BANA motion to dismiss should be denied and remanded to Wayne County Circuit Court for further litigation. *See Reed v. Robilio, 376 F.2d 392, 394 (6th Cir. 1967)*

Further, BANA failed to accept after offering to settle for $45,000.00 in which Appellant provide proof of funding in the form of Cashier Check prior to the hearing on BANA's motion to dismiss entry [11], thus, increasing the amount at the last minute to claim  to the trial court Appellant was simply unable to perform. In Roberts, supra, the Court explained:

> The question whether a promisor's liability is extinguished in the event this contractual promise becomes objectively impossible to perform may depend upon whether the supervening event producing impossibility was or was not reasonable foreseeable when he entered into the contract.  Risk of nonperformance of a contract should not fairly be thrown upon the promisor, if an unanticipated circumstance had made performance of the promise vitally different from what should reasonably have been within the contemplation of both parties when they entered into the contract. 275 Mich. App. At 74.

"Where there is conflicting evidence on question of impossibility, it is a question of fact for the trier of fact to resolve." (d.)  BANA knew when it accepted and agreed to allow Appellant to purchase the property at $45,000.00; it controlled the actual negotiation of the sale of the property to Appellant.  Therefore, for

23

BANA's need to increase the price to $60,000.00 during settlement negotiations it should have or known Appellant would not be able to fulfill his obligation as to accepting the settlement amount, this is a clear indication of unfair negotiations and predatory lending practices.

## VI. CONCLUSION

The District Court erred in dismissing the Complaint and this Court should not affirm the District Court's ruling.  However, as discussed above, there were numerous questions of facts in this case whereas, judgment was wrongfully granted in favor of BANA and should be remanded; and Smith be granted leave to amend to Complaint for further litigation or in the alternative Appellant be allowed to settle the matter upon the agreed amount prior to BANA's breach of the agreement for settlement.

Respectfully submitted,

Dated May 27, 2014

By: _____

Charles Smith (Pro Per)
Appellant
3430 Sherbourne Road
Detroit, MI 48221
(313) 899-0089
inbox@afallc.org

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a) (7) (C), I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) (t), because this brief contains less than 30 pages, and Fed. R. App. P. 32(a) (7) (B) because this brief contains less than 5,908 words.  I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a) (6) because this brief has been prepared in a proportionally spaced typeface 14 point Times New Roman type.

# EXHIBIT 1

13-004130-CH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
CATHY M. GARRETT

3/27/2013
/s/ Clara Rector

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

2 Woodward Avenue Detroit, Michigan 48226                        (313) 224-5510

CHARLES SMITH,

Plaintiff,

Vs.

                                       Hon. Patrica Fresard Perez
                                        Case No.: 2013-004130-CH

DR. WILLIAM REVELY, and
BANK OF AMERICA, N.A., as successor by merger
To LASALLE BANK NATIONAL ASSIOCATION
As Trustee, a Foreign Corporation, jointly and severally
as the

      Defendants.

Delicia A. Cain Taylor Coleman (P56278)
Attorney for Plaintiff
1274 Library Street, Suite 304
Detroit, Michigan 48226
(313) 574-4607
Dcain0723@aol.com

## **ORDER TO SHOW CAUSE**

At a session of court held in the 3rd Circuit Court

For the County of Wayne on: _____3/27/2013_____

Present: Honorable: ____Patricia Fresard____
                           Wayne County Court Judge:

This matter comes before the Court on Plaintiff's *Motion to Show*

*Cause why a Preliminary Injunction should not be granted*, and the Court

being fully advised in the premises.  Therefore,

**IT IS ORDERED**:  That both Defendants listed above in the caption and any other person(s) that may be acting in concert with either Defendant is hereby enjoined from interfering with Plaintiff possession, subsequently after the entry of this Order is it relates to the property located at *3430 Sherbourne, Detroit, MI 48221* until otherwise Ordered by this Court.

**IT IS ALSO ORDERED**:  That both Defendants and/or their counsel must receive this Notice within 5 business days.

**IT IS FURTHER ORDERED**:  That both Defendants mentioned above and any interested parties receiving actual notice shall appear in the presiding Judges courtroom in the Wayne County Circuit Court, Detroit, Michigan 48221, for that Hearing on: <u>Friday</u>, April 5, 2013 at <u>9:00</u> am to Show Cause why a Injunctive Order should not be granted.

By:    /s/ Patricia Fresard
           _____
             Wayne County Circuit Court Judge

Dated:    3/28/2013

# EXHIBIT 2

# REGISTER OF ACTIONS
### CASE NO. 13-004130-CH

| PARTY INFORMATION | |
|---|---|
| | **Lead Attorneys** |
| **Defendant**    Bank Of America | Brian C. Summerfield |
| | *Retained* |
| | (313) 392-1057(W) |
| **Defendant**    Revely, William | |
| **Plaintiff**    Smith, Charles | |

| EVENTS & ORDERS OF THE COURT | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 03/26/2013 | **Service Review Scheduled** |
| 03/26/2013 | **Status Conference Scheduled** |
| 03/26/2013 | Case Filing Fee - Paid |
| 03/26/2013 | Notice of Hearing, Filed |
| 03/26/2013 | **Complaint, Filed** |
| 03/26/2013 | Motion To/For Show Cause, Filed |
| 03/28/2013 | Order to Show Cause, Signed and Filed |
| 04/05/2013 | *CANCELED* **Show Cause Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| | *Dismiss Non-Appearance* |
| 04/08/2013 | Notice of Hearing, Filed |
| 04/09/2013 | Praecipe, Filed (Judicial Officer: Fresard, Patricia Perez ) |
| 04/19/2013 | *CANCELED* **Motion Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| | *Dismiss Non-Appearance* |
| 04/29/2013 | Order of Reassignment, Signed and Filed |
| 05/03/2013 | **Show Cause Hearing** (9:00 AM) (Judicial Officer Curtis, Daphne Means) |
| | Result: Held |
| 05/03/2013 | **Motion for Miscellaneous Action Granted, Order to Follow** (Judicial Officer: Curtis, Daphne Means ) |
| 05/08/2013 | Closed/Final - Removal to Federal Court (Judicial Officer: Fresard, Patricia Perez ) |
| 05/28/2013 | Notice of Presentment |
| 05/31/2013 | Appearance of Attorney, Filed |
| 05/31/2013 | Objection, Filed |
| 06/25/2013 | *CANCELED* **Status Conference** (9:00 AM) (Judicial Officer Curtis, Daphne Means) |
| | *Dismiss Hearing or Injunction* |
| | *06/25/2013 Reset by Court to 06/25/2013* |
| 06/25/2013 | Proof of Service, Filed |
| 06/26/2013 | Answer to Objection, Filed |
| 06/26/2013 | Proof of Service, Filed |

<u>Smith v. William Revely, Et Al.</u> **Appeal Case No.: 14-1291**

**The United States Court of Appeals for the Sixth Circuit**
540 Potter Stewart U.S. Courthouses
100 East Fifth Street
Cincinnati, Ohio 45202-3988

Dist. Case No. 2013-cv-12051

**CHARLES SMITH,**

      Plaintiff-Appellant,

v.

**WILLIAM REVELY; BANK OF AMERICA, N.A.,**
as Successor by merger to **LASALLE BANK NATIONAL
ASSOCIATION**, as Trustee, a Foreign Corporation,
Jointly and Severally

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on May 27, 2014, I Charles Smith, caused the electronic filing of Appellant's Certificate of Interested Persons and Corporate Disclosure Statement to the United States Sixth Circuit Court of Appeals located at 540 Potter Stewart U.S. Courthouse 100 East Fifth Street, Cincinnati, OH 45202-3988; and at the Federal District Court located at 124 T. Levin U.S. Courthouse, Detroit, MI 48226. I further certify that on May 27, 2014, I mailed a copy of filing by U.S. Postal Service to Defendants Bank of America, N A's counsel Nasseem S. Ramin at 400 Renaissance Center Detroit, MI 48243.

Dated: May 27, 2014

      Charles Smith (*Pro Per*)
      Appellant
      3430 Sherbourne
      Detroit, MI 48221
      (313) 899-0089
      inbox@afallc.org



U.S. POSTAGE
PAID
DETROIT, MI
MAY 30 14
AMOUNT
$9.29
00044908-11



45202


UNITED STATES
POSTAL SERVICE
1000

CERTIFIED MAIL™

7010 3090 0002 1996 7330

**From:** Charle Smith
3430 Sherbourne Road
Detroit, MI 48221

**TO:** U. S. Court of Appeals for the Sixth Circuit
Attn: Clerk of the Court
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohi 45202-3988

