**CASE NO. 14-1291**

---

**In The
United States Court Of Appeals
For The Sixth Circuit**

---

CHARLES SMITH,

Plaintiff-Appellant,

v.

DR. WILLIAM REVELY and BANK OF AMERICA, N.A., as successor by merger to LaSalle Bank National Association as Trustee,

Defendants-Appellees.

_____

On Appeal From the United States District Court for the
Eastern District of Michigan, No. 13-12051
Hon. Arthur J. Tarnow, United States District Judge

---

**CORRECTED BRIEF OF DEFENDANT-APPELLEE BANK OF AMERICA, N.A.**

---

Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
Nasseem S. Ramin (P73513)
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
nramin@dykema.com
*Attorneys for Defendant-Appellee Bank of America, N.A.*

## DISCLOSURE OF CORPORATE AFFILIATIONS
### AND FINANCIAL INTEREST

Pursuant to Fed. R. App. P. 26.1 and 6th Cir. R. 26.1, Defendant/Appellee Bank of America, N.A., makes the following disclosure:

1.     Are said parties a subsidiary or affiliate of a publicly-owned corporation?

Yes.

If the answer is "Yes", list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

**Bank of America, N.A.'s parent corporation is Bank of America Corporation.**

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

No, other than Bank of America Corporation, as listed above.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Nasseem S. Ramin
Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
Nasseem S. Ramin (P73513)
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
nramin@dykema.com
***Attorneys for Defendant-Appellee Bank of America, N.A.***

Date: July 10, 2014

2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.  COUNTER-STATEMENT OF JURISDICTION ............................................. v

II.  COUNTER-STATEMENT OF THE ISSUES PRESENTED ...................... vi

III.  COUNTER-STATEMENT OF THE CASE .................................................. 1

    A.  Defendant Dr. William Revely .................................................... 1

        1.  The Loan Transaction ................................................. 1

        2.  The Foreclosure And Sheriff's Deed ......................... 2

        3.  Revely's Lawsuits, Appeals, And Attempts To Avoid Eviction ...................................................................... 2

    B.  Plaintiff/Appellant Charles Smith ............................................. 3

    C.  The Motion To Dismiss .............................................................. 4

    D.  Smith Files This Appeal ............................................................. 5

IV.  SUMMARY OF ARGUMENT ................................................................... 5

V.  ARGUMENT .............................................................................................. 6

    A.  Counter-Statement Of Standard Of Review .............................. 6

    B.  The District Court Had Subject Matter Jurisdiction Over Smith's Complaint ........................................................... 7

    C.  The District Court Properly Dismissed Smith's Claims For Declaratory Relief Under The PTFA, As The PTFA's Protections Do Not Apply To Smith Or To The Subject Lease Agreement ................................................................................. 9

    D.  The District Court Properly Dismissed Smith's Claim For Specific Performance, As Specific Performance Is A Remedy And Not A Cause Of Action, And Because There Is No Contract Between Smith And BANA ...................................... 11

i

E.    Smith's Complaint Is An Improper Collateral Attack On The
Eviction Court's Judgment Of Possession And Is Barred By
The Doctrines Of *Res Judicata* And Collateral Estoppel ...................13

F.    Smith's Purported Promissory Estoppel Claim Was Not
Raised In The District Court And Thus Is Waived On Appeal ..........18

VI.    CONCLUSION.............................................................................................19

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
REQUIREMENTS .................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*American Trim, L.L.C. v. Oracle Corp.*,
    383 F.3d 462 (6th Cir. 2004) ............................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................7

*Cold Metal Process Co. v. McLouth Steel Corp.*,
    170 F.2d 369 (6th Cir. 1948) ............................................................19

*Courie v. Alcoa Wheel & Forged Prods.*,
    577 F.3d 625 (6th Cir. 2009) ..............................................................6

*Hammel v. Foor*,
    359 Mich. 392 (1960) .......................................................................12

*Lund v. Citibank*,
    No. 07-CV-10686-DT, 2007 WL 3408468 (E.D. Mich. Nov. 14, 2007)...........17

*McCormick v. Braverman*,
    451 F.3d 382 (6th Cir. 2006) ............................................................17

*Mik v. Fed. Home Loan Mortg. Corp.*,
    743 F.3d 149 (6th Cir. 2014) ............................................................11

*Monat v. State Farm Ins. Co.*,
    469 Mich. 679 (2004) .......................................................................17

*Montana v. United States*,
    440 U.S. 147 (1979)....................................................................14, 16

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
    650 F.3d 1046 (6th Cir. 2011) ............................................................7

*Piech v. Beaty*,
    298 Mich. 535 (1941) .......................................................................10

iii

*Piotrowski v. State Land Office Bd.*,
  302 Mich. 179 (1942) ...................................................................................10

*Radvansky v. City of Olmsted Falls*,
  395 F.3d 291 (6th Cir. 2005) ........................................................................13

*Reed v. Vander Zalm*,
  336 Mich. 1 (1953) .......................................................................................12

*Richards v. Jefferson County, Ala.*,
  517 U.S. 793 (1996).................................................................................14, 15

*RMS Residential Properties, LLC v. Naaze*,
  903 N.Y.S.2d 729 (N.Y. Dist. Ct. 2010) ........................................................9

*Saylor v. United States*,
  315 F.3d 664 (6th Cir. 2003) ........................................................................14

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008) ........................................................................18

*Sewell v. Clean Cut Mgmt, Inc*,
  463 Mich. 569 (2001) ...................................................................................15

*Ursery v. Option One Mortgage*,
  No. 271560, 2007 WL 2192657 (Mich. App. July 31, 2007) ..........................13

*U.S. Bank Nat. Ass'n v. Hurtado*,
  27 Misc. 3d 933 (Nassau Dist. Ct. 2010)........................................................9

*Wilcox v. Sealy*,
  132 Mich. App. 38 (1984) ........................................................................16, 17

**RULES**

Fed. R. App. P. 32(a)(7)(B) .............................................................................19

Fed. R. Civ. P. 12(b)(6)...............................................................................4, 6

**STATUTES**

12 U.S.C. § 2201 .................................................................................... vii, 6

28 U.S.C. § 1291 ...........................................................................................vi

28 U.S.C. § 1331 ...................................................................................vi, 8

12 U.S.C. § 5201 ........................................................................ vii, 3, 6, 9

M.C.L.§ 600.3201 ...................................................................................10

M.C.L. § 600.3236 ..................................................................................10

**OTHER AUTHORITIES**

Office of the Comptroller of the Currency's Protecting Tenants
at Foreclosure Act Handbook ....................................................................9

## I.    COUNTER-STATEMENT OF JURISDICTION

BANA disagrees with Plaintiff/Appellant's statement of jurisdiction.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The District Court dismissed Plaintiff-Appellant's case with prejudice on February 18, 2014. Plaintiff-Appellant filed a Notice of Appeal on March 11, 2014. Thus, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II.    COUNTER-STATEMENT OF THE ISSUES PRESENTED

1.    Did the District Court have subject matter jurisdiction over this matter where the Complaint asserted causes of action arising out of the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201, and sought a declaratory judgment pursuant to 12 U.S.C. § 2201?

2.    Did the District Court properly grant BANA's Motion to Dismiss where the basis of Plaintiff-Appellant's claims (to quiet title, for declaratory relief and for specific performance) was a lease agreement he purportedly entered into with a defaulted borrower well after the borrower had lost all right, title, and legal interest in the subject real property?

3.    Are Plaintiff-Appellant's claims barred by collateral estoppel and *res judicata*, where state courts have previously awarded possession of the property to BANA and rejected challenges to BANA's right of possession?

## III.    COUNTER-STATEMENT OF THE CASE

This dispute over real property was properly dismissed by the District Court, as Plaintiff/Appellant Charles Smith ("Smith") is not entitled to possession of the subject property because he did not enter into a lease agreement with Defendant Dr. William Revely ("Revely") – a defaulted borrower – until well after Revely had lost all right, title, and legal interest in the property to BANA.

### A.    Defendant Dr. William Revely

#### 1.    The Loan Transaction

This case relates to real property located at 3430 Sherbourne Road,  Detroit, Michigan (the "Property").  (RE 1, Compl. ¶ 1, Pg ID # 6-42).  On October 24, 2005, Revely obtained a $293,250.00 loan from Long Beach Mortgage Company ("Long Beach"), to refinance a loan ("Loan") issued in connection with the Property.  His obligation to repay the Loan is evidenced by a note ("Note"), which is secured by a mortgage on the Property ("Mortgage").  (RE 11, Ex. A, Mortgage, Pg ID # 137-156; RE 11, Ex. B, Note, Pg ID # 157-160).

On December 31, 2008, Long Beach assigned the Mortgage to LaSalle Bank, N.A., as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-HE1 Trust (the "Assignment").  (RE 11, Ex. C, Assignment, Pg ID # 161-162).  BANA acquired an interest in the Mortgage as successor by merger to LaSalle Bank, N.A.

1

### 2.    The Foreclosure And Sheriff's Deed

Following Revely's default of the Note obligations, BANA purchased the Property at a May 20, 2009 Sheriff's Sale.  (Re 11, Ex. D, Sheriff's Deed, Pg ID # 163-168).  Revely failed to redeem the Property prior to the expiration of the statutory redemption period on November 20, 2009.  *Id.*

### 3.    Revely's Lawsuits, Appeals, And Attempts To Avoid Eviction

Revely refused to leave the Property and BANA was forced to initiate eviction proceedings on or about January 13, 2010, in the 36th District Court (the "Eviction Court"), Case No. 10-302523 (the "Eviction Proceedings").  On November 3, 2010, the Eviction Court held that BANA was entitled to possession of the Property and entered judgment in its favor ("Judgment of Possession").  (RE 11, Ex. F, Judgment of Possession, Pg ID # 172-173).  Revely appealed, but his appeal was dismissed as untimely.  (RE 11, Ex. H, 2010 Order Dismissing Eviction Appeal, Pg ID # 178).

Revely also filed a lawsuit against BANA and non-party Washington Mutual Bank on or about November 30, 2009, in  Wayne County Circuit Court, seeking to rescind the foreclosure (the "2009 Action").  (RE 11, Ex. I, 2009 Action Complaint, Pg ID # 180-188).  The 2009 Action was dismissed with prejudice on July 1, 2011; Revely appealed, but the Michigan Court of Appeals dismissed his

appeal on August 23, 2011.  (RE 11, Ex. K, Order Dismissing Appeal of 2009 Action, Pg ID # 193).

Revely filed yet another lawsuit on May 11, 2012, again seeking to set aside the Sheriff's Sale (the "2012 Action").  (RE 11, Ex. P, 2012 Action Complaint, Pg ID # 208-217).   On September 19, 2012, the Wayne County Circuit Court dismissed the 2012 Action based on *res judicata*, and further issued a litigation injunction prohibiting Revely from filing any additional lawsuits relating to the Property without first obtaining leave of the court.  (RE 11, Ex. Q, 2012 Action Dismissal Order, Pg ID # 218-220).   Revely appealed; the Michigan Court of Appeals dismissed the appeal on December 5, 2012, and denied reinstatement on February 13, 2013.  (RE 11, Ex. R, Orders Dismissing Appeal of 2012 Action and Denying Reinstatement of Appeal of 2012 Action, Pg ID # 221-223).

### B.    Plaintiff/Appellant Charles Smith

Smith, as Mr. Revely's purported tenant, filed the present lawsuit on or about March 27, 2013, in Wayne County Circuit Court, alleging the following causes of action: (1) Count I – Quiet Title; (2) Count II – Declaratory Judgment / 12 U.S.C. § 5201 (Protecting Tenants at Foreclosure Act of 2009, or "PTFA"); and (3) Count III – Demand for Specific Performance.  (RE 1-A, Complaint, Pg ID # 6-16).  BANA timely removed the case to the District Court on May 8, 2013, on federal question grounds.  (RE 1, Notice of Removal, Pg ID # 1-47).

Smith's Complaint sought a judgment that he is entitled to remain in possession of the Property pursuant to a Lease Agreement.  (RE 1, Lease Agreement, attached to Complaint, Pg ID # 17-24).  Specifically, Smith alleged that on March 15, 2013 – nearly 4 years after the Property was sold at a foreclosure sale – he entered into a Lease Agreement with Revely for the Property.  (RE 1-A, Complaint at ¶¶ 8, 9, Pg ID # 8-9).  The Lease Agreement incorrectly states that Revely was the "fee owner of certain real property . . . having a street address of 3430 Sherbourne, Detroit, Michigan 48221."  (RE 1, Lease Agreement at 1, attached to Complaint, Pg ID # 18).  The term of the lease is indefinite.  *Id*. ¶ 1.

Smith further claims that he took possession of the Property on March 23, 2013, without knowledge of the foreclosure or Revely's lack of any interest in the Property.  (RE 1, Compl. ¶¶ 10, 11, 13, 16, Pg ID # 9-11).

### C.    The Motion To Dismiss

Revely did not appear or defend against Smith's claims in the District Court, but Smith did not seek a default against him.  BANA filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (RE 11, Motion to Dismiss, Pg ID # 103-293).

On February 18, 2014, the District Court (Judge Tarnow) issued an Order granting BANA's Motion.  First, the District Court held that it had subject matter jurisdiction.  The court rejected Smith's argument that BANA improperly failed to

4

join Revely in the Notice of Removal and therefore there was no diversity jurisdiction, finding that Revely was not even served with process until "well after" BANA filed its notice of removal, and therefore, BANA was permitted to remove without Revely's consent. The court also noted that in any event, it had federal question jurisdiction because Smith made a claim under the federal PTFA. (RE 17, Opinion and Order Granting Motion to Dismiss, p. 5, Pg ID # 368). The court then dismissed Smith's quiet title claim on the basis of his concession that he could not establish even a *prima facie* claim to quiet title. (*Id.*, pp. 5-6, Pg ID # 368-69).

The District Court dismissed Smith's claim for declaratory relief on the grounds that the PTFA does not provide a private right of action. (*Id.*, p. 6, Pg ID # 369). As for the claim for specific performance, the District Court noted that Smith argued that since he intended to purchase the Property from Revely before the lease ended, he had a contract with BANA. The court rejected this argument, finding that Smith could not establish "privity of contract" with BANA, such that BANA should be forced to perform under the terms of the purported lease between Smith and Revely. (*Id.*, p. 7, Pg ID # 370). The same day, the District Court entered a Judgment in favor of BANA. (RE 18, Judgment, Pg ID # 372).

### D.    Smith Files This Appeal

Smith now appeals based mainly on his persistent belief that he is entitled to protections under the PTFA, and thus BANA should be forced to perform under

the Lease Agreement.  For the reasons set forth below, this Court should affirm the District Court's entry of Judgment in BANA's favor.

## IV.    SUMMARY OF ARGUMENT

The District Court's Order dismissing Smith's Complaint should be affirmed.  First, the District Court had subject matter jurisdiction over this matter, as Smith's Complaint asserted causes of action arising out of the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201, and sought a declaratory judgment pursuant to 12 U.S.C. § 2201.  Second, the basis of Smith's claims (to quiet title, for declaratory relief, and for specific performance) was his Lease Agreement with Revely, which they did not enter into until well after Revely had lost all right, title, and legal interest in the property to BANA.  Third, Smith's claims are barred by collateral estoppel and *res judicata*, as state courts have previously reviewed the central issue before the District Court – the right to possess the Property – and awarded possession to BANA.  The District Court should be affirmed.

## V.    ARGUMENT

### A.    Counter-Statement Of Standard Of Review

This Court reviews the District Court's dismissal of this litigation under Fed. R. Civ. P. 12(b)(6) *de novo*.  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).  Fed. R. Civ. P. 12(b)(6) authorizes the District Court to

dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]"

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and modifications omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. With *Twombly* and *Iqbal*, "the Supreme Court . . . raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of *Conley v. Gibson*." *Courie*, 577 F.3d at 629. Furthermore, a plaintiff cannot avoid dismissal under a pleadings-based motion by claiming that discovery is required to obtain facts sufficient to state a claim. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

**B.  The District Court Had Subject Matter Jurisdiction Over Smith's Complaint.**

In his "Statement of Jurisdiction," Smith concedes that the "District Court had subject-matter jurisdiction," but later argues that the "District Court lacked

"subject-matter jurisdiction . . . because there is not complete diversity between the opposing parties . . . ." (*Compare* Smith Brief on Appeal p. 1, *with* p. 21).

Smith's contradictory positions notwithstanding, the District Court plainly had subject matter jurisdiction over Smith's Complaint based on federal question jurisdiction. BANA did not remove on the basis of diversity jurisdiction and Smith's arguments regarding diversity jurisdiction are unfounded.

In its Notice of Removal, BANA clearly stated that it was removing based only on federal question jurisdiction:

> This is a case over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's Complaint purports to assert federal causes of action against BANA arising out of the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201. Plaintiff also seeks a declaratory judgment pursuant to 12 U.S.C. § 2201.

(RE 1, Notice of Removal, p. 2 ¶ 6, Pg ID # 2). In its Opinion and Order granting BANA's Motion to Dismiss, the District Court addressed, and rejected, Smith's concerns regarding subject matter jurisdiction, but also recognized that, "this Court has federal question over this case pursuant to 28 U.S.C. § 1331, as Plaintiff makes a claim under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201." (RE 17, p. 5, Pg ID # 368). On appeal, Smith does not address the issue of federal question jurisdiction, which the District Court properly decided.

**C.    The District Court Properly Dismissed Smith's Claims For Declaratory Relief Under The PTFA, As The PTFA's Protections Do Not Apply To Smith Or To The Subject Lease Agreement.**

The crux of the Complaint is Smith's allegation that he is protected by the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201, *et seq.* (DE 1, Compl. at 8 ¶¶ 26, 27).  Smith is wrong.  Under certain circumstances, the PTFA protects tenants from eviction even if the property they are renting was foreclosed.  (RE 11, Ex. T, Text of PTFA, Pg ID # 282-285).  The PTFA, however, applies only to a "bona fide lease entered into **before notice of foreclosure**."  *Id.* at § 702 (a)(2)(A) (emphasis added); *see also RMS Residential Properties, LLC v. Naaze*, 903 N.Y.S.2d 729, 732-33 (N.Y. Dist. Ct. 2010) (citing *U.S. Bank Nat. Ass'n v. Hurtado*, 27 Misc. 3d 933; 899 N.Y.S.2d 806 (Nassau Dist. Ct. 2010)) (plaintiff must allege that he is a bona fide tenant and come forward with a valid lease agreement executed prior to a notice of pendency of foreclosure proceedings to claim the protections of the PTFA).

The Office of the Comptroller of the Currency ("OCC"), the supervisory agency for national banks and federal savings associations, has explained that the date of a "notice of foreclosure" for purposes of the PTFA "is defined as the date on which complete title to a property is transferred to a successor entity . . . ."  (OCC's PTFA Handbook at 1, *available at* http://www.occ.gov/publications/publications-by-

9

type/comptrollers-handbook/ptfa.pdf).[1]   In Michigan, title is transferred to the successor entity when the redemption period expires.  *See, e.g.*, M.C.L. 600.3236 (providing that all "right, title, and interest" in foreclosed property transfers to the grantee of a sheriff's deed upon expiration of the redemption period); *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187-88; 4 N.W.2d 514 (1942) (noting that the "[p]laintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . . .").

Thus, to be eligible for protections under the PTFA, that is, for the Lease Agreement to be considered "bona fide" under the PTFA, Smith was required to have entered into a lease before the redemption period expired on November 20, 2009.  Smith and Revely, however, did not execute the Lease Agreement until March 15, 2013 – *nearly three and a half years after the redemption period expired*.  In fact, Smith did not even allege in his Complaint that he is a bona fide tenant, nor does the Complaint state that Smith entered into a bona fide lease prior to the notice of foreclosure that would afford him the protections of the PTFA.

Indeed, Smith was on notice of the Sheriff's Deed because it was recorded with the Wayne County Register of Deeds long before Smith entered into the Lease Agreement with Revely.  M.C.L. § 600.3201 *et seq.*; *Piech v. Beaty*, 298

---

[1]  The Handbook also notes that although the PTFA was scheduled to expire on December 31, 2012, its protections were extended by the Dodd-Frank Act.  *Id.*

10

Mich. 535, 538; 299 N.W. 705 (1941) (finding plaintiffs "were bound by the recorded mortgage whether they examined the record or not").  By his own admission, Plaintiff learned of the foreclosure on the day he moved into the Property and he further verified his inability to possess the Property with a search of the Wayne County Records.  *See* RE 1, Compl. ¶ 12 (a BANA listing agent changed the locks on the date Smith moved into the Property); ¶ 13 (a neighbor told Smith that Revely had been evicted); ¶ 16 (admitting reviewing the Wayne County Register of Deeds listings for the Property).  Smith, therefore, is not entitled to relief under the PTFA and the District Court properly dismissed his claims.[2]

### D.    The District Court Properly Dismissed Smith's Claim For Specific Performance, As Specific Performance Is A Remedy And Not A Cause Of Action, And Because There Is No Contract Between Smith And BANA.

The District Court recognized that Smith was not entitled to specific performance of the Lease Agreement because there is no contract between Smith and BANA:  "Plaintiff offers no evidence of privity of contract with Defendant BANA, or of written memorandum of offer and acceptance signed by Defendant

---

[2]  As the District Court recognized, Smith's claims would fail even if he were a bona fide tenant under the PTFA, because no private cause of action exists under the Act.  *See, e.g.*, RE 17 at 6, Pg ID # 369, *citing Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149 (6th Cir. 2014).

BANA, as would be required by Michigan's statute of frauds." (RE 17 at 7, Pg ID # 370).

Michigan law is clear that, "[i]n all cases of specific performance, the burden of proof is on plaintiffs to establish by clear and satisfactory evidence, first, that the contract was made as claimed by them, and, second, that there were such acts of performance on their part, under the contract, as fairly entitled them to the remedy of specific performance." *Reed v. Vander Zalm*, 336 Mich. 1, 7; 57 N.W.2d 304 (1953). Smith requests specific performance by BANA relating to an unidentified contract entered into "by its predecessors." (RE 1, Compl. ¶ 30, Pg ID # 15).

Nothing in the Complaint, however, if proven, would establish Smith's right to specific performance. "The burden is on Plaintiffs to show the existence of the contract sought to be enforced, and no presumption will be indulged in favor of the execution of a contract since, regardless of the equities in the case, the courts cannot make a contract for the parties where none exists." *Hammel v. Foor*, 359 Mich. 392, 400; 102 N.W.2d 196 (1960). Because specific performance is a contract remedy, and there is clearly no contract between BANA and Plaintiff, the claim fails as a matter of law and was properly dismissed by the District Court.

Moreover, Smith does not provide any substantive argument regarding the District Court's dismissal of his "claim" for specific performance. As such, Smith

12

has waived any challenges to the District Court's conclusion that Smith is not entitled to specific performance. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 318 (6th Cir. 2005) (issues not raised are waived); *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 478 (6th Cir. 2004) (same).

### E.    Smith's Complaint Is An Improper Collateral Attack On The Eviction Court's Judgment of Possession And Is Barred By The Doctrines Of *Res Judicata* And Collateral Estoppel.

Because the District Court granted BANA's Motion to Dismiss "on the merits," it did not address BANA's *res judicata* and collateral estoppel arguments. (RE 17, p.8, Pg ID # 371). Even so, Smith's claims are barred because they are an improper collateral attack on the Eviction Court's Judgment of Possession.

As alleged in the Complaint, Smith is seeking an order setting "aside any transfer or sale of the property to any other assignee thereafter as it relates and hold it for naught," presumably a request to set aside the transfer to BANA that took place after the Sheriff's Sale in May 2009. (RE 1, Compl., p. 8, Pg ID # 13). The Eviction Court, however, already decided – in November 2010 – that BANA is entitled to possession of the Property, not Revely or Smith. (RE 11, Ex. F, Judgment, Pg ID # 172-173). Consequently, Smith's request in this case amounts to an improper collateral attack. *Ursery v. Option One Mortgage*, No. 271560, 2007 WL 2192657, at *10 (Mich. App. July 31, 2007) (holding that plaintiff's "requested relief of setting aside the mortgage foreclosure, sale and sheriff's deed

(and, necessarily, the judgment of possession) is invalid as a matter of law under the prohibition of collateral attacks on a judgment.").

Indeed, the Eviction Court already decided BANA's right to possession of the Property when it issued the Judgment of Possession. As in *Ursery*, Plaintiff's request to undo the foreclosure sale and relitigate BANA's right to the Property is an improper collateral attack barred by the doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citation omitted). "The bar of *res judicata* applies if the following conditions exist: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003) (citation and quotations omitted). With regard to the second element, the United States Supreme Court has "recognized an exception to the general rule when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996) (quotations omitted).

These requirements are met here.  <u>First</u>, it is clear that the Eviction Proceedings, the 2009 Action, and the 2012 Action were decided on the merits. The Eviction Court awarded BANA possession of the Property, and the Wayne County Circuit Court dismissed Revely's 2009 and 2012 Actions, both of which sought to rescind the foreclosure and quiet title to the Property.  A judgment of possession is a decision on the merits for *res judicata* purposes.  *See, e.g.*, *Sewell v. Clean Cut Mgmt, Inc*, 463 Mich. 569, 575; 621 N.W.2d 222 (2001).

<u>Second</u>, the Eviction Proceeding, the 2009 Action, the 2012 Action, and this action all involve the same parties or their privies.  In the Eviction Proceedings, BANA was the plaintiff, while Revely was the defendant.  In the 2009 Action, BANA was a defendant and Revely was the plaintiff.  In the 2012 Action, Revely was the plaintiff and BANA was the defendant once again.  In this action, although it involves a new plaintiff, Smith, his interests are aligned with those of Revely in all three of the previous actions:  Revely sought to challenge BANA's right to possess the Property in all three of the prior actions – the same exact challenge Smith is raising here.  Thus, Smith's interests were "adequately represented by someone with the same interests who is a party" – Revely.  *Richards*, 517 U.S. at 798.

15

<u>Third</u>, the issue regarding BANA's right to evict and to take possession of the Property was decided by the Eviction Court via the Judgment of Possession, in the 2009 Action, and in the 2012 Action.

<u>Fourth</u>, there is an identity of the causes of action because Revely sought to contest BANA's right to the Property in the Eviction Proceeding (and appeal of the Judgment), the 2009 Action (and appeal of that action), the 2012 Action (and appeal of that action), and now his tenant, Smith, whose interests are aligned with Revely's interests in the previous three actions, is again seeking to contest BANA's right to the Property in the instant action. Consequently, any claim that Smith may have against BANA regarding the eviction and possession of the Property is barred under *res judicata*.

In addition to *res judicata*, collateral estoppel serves to bar Smith's claims regarding BANA's right to possess the Property. While *res judicata* precludes relitigation of previously adjudicated *claims,* collateral estoppel precludes relitigation of *issues or facts* that have already been decided in prior litigation. *Wilcox v. Sealy*, 132 Mich. App. 38, 47; 346 N.W.2d 889 (1984); *Montana*, 440 U.S. at 153 ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.").

16

The requirements for collateral estoppel include:

(1) a question of fact essential to the judgment [in the second action] must have been actually litigated and determined by a valid and final judgment [in the first action]; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; …[3]

*Lund v. Citibank*, No. 07-CV-10686-DT, 2007 WL 3408468, *2 (E.D. Mich. Nov. 14, 2007) (quoting *McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006)). With respect to the second element, "collateral estoppel may apply where the parties are not identical in a subsequent lawsuit." *Wilcox*, 132 Mich. App. at 47. "Substantial identity, not precise identity, is all that is required." *Id*. (quotations and citations omitted).

Here, the two requirements of collateral estoppel have been met. First, the propriety of the eviction and possession of the Property was actually litigated and determined by the Eviction Court, resulting in the Judgment of Possession, the 2009 Action, and the 2012 Action. Second, Revely, whose interests in the previous three actions were substantially aligned with those of Smith here, and BANA were parties to the past proceedings as described above, and had a full and

---

[3] There is also a third requirement, a mutuality of estoppel, to the collateral estoppel doctrine. Nonetheless, "[m]utuality…is not required, where collateral estoppel is used defensively. *Lund*, 2007 WL 3408468, *2 (citing *Monat v. State Farm Ins. Co*., 469 Mich. 679, 691-92; 677 N.W.2d 843 (2004) ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party had already had a full and fair opportunity to litigate in a prior suit.").) Because BANA is using collateral estoppel defensively in this case, mutuality is not required.

fair opportunity to litigate the issue of who has a right to possess the Property. Thus, any claims regarding BANA's right to the Property are barred by collateral estoppel.

### F.    Smith's Purported Promissory Estoppel Claim Was Not Raised In The District Court And Thus Is Waived On Appeal.

Although presented haphazardly in his Appeal Brief, Smith appears to be asserting a promissory estoppel claim for the first time on appeal.  (Smith's Brief on Appeal, pp. 8, 23, 24).  Smith, apparently improperly referring to the parties' confidential settlement negotiations while this matter was pending in the District Court, alleges that "BANA negotiated in bad faith . . . increased its agreed upon amount, forcing Appellant to have a claim for promissory estoppel, which was not preserved for appeal but should be part of the record and considered for review." *Id.* at 8.

Smith correctly notes that this purported "claim for promissory estoppel," "was not preserved for appeal," but he incorrectly concludes that he should "be allowed to settle the matter upon the agreed amount prior to BANA's breach of the agreement for settlement."  (*Compare* Smith Brief on Appeal p. 8, *with* p. 24). This argument is not properly before the Court and there is no agreement for this Court to enforce.  *See also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) ("an argument not raised before the district court is waived on appeal to

this Court"); *Cold Metal Process Co. v. McLouth Steel Corp.*, 170 F.2d 369 (6th Cir. 1948).

## IV.    CONCLUSION

For the reasons set forth herein, this Court should affirm the District Court's February 18, 2014 Order and Judgment.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Nasseem S. Ramin
Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
Nasseem S. Ramin (P73513)
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
nramin@dykema.com
***Attorneys for Defendant-Appellee Bank of America, N.A.***

Date: July 10, 2014

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Fed. R. App. P. 32(a)(7)(B).  The foregoing Brief contains 4,662 words of Times New Roman (14 point) proportional type, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  The word processing software used to prepare this brief was Microsoft Word for Windows XP.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Nasseem S. Ramin
Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
Nasseem S. Ramin (P73513)
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
nramin@dykema.com
***Attorneys for Defendant-Appellee Bank
of America, N.A.***

Date: July 10, 2014

## CERTIFICATE OF SERVICE

I certify that on the 10th day of July, 2014, pursuant to 6 Cir. R. 25, I caused the foregoing to be filed electronically through the ECF System, and I further certify that I have caused a copy of the foregoing to be served on Plaintiff/Appellant Charles Smith, via delivery by First Class Mail to:

> Charles Smith
> 3430 Sherbourne Road
> Detroit, MI 48221

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Nasseem S. Ramin
Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
Nasseem S. Ramin (P73513)
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
nramin@dykema.com
***Attorneys for Defendant-Appellee Bank of America, N.A.***

Date: July 10, 2014

21

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

The following District Court documents are relevant to this appeal:

| Date | Record Entry No. | Description of Entry | Page ID |
|---|---|---|---|
| 5/8/13 | 1 | Notice of Removal | 1-47 |
| 6/3/13 | 11 | Motion to Dismiss | 103-293 |
| 2/18/14 | 17 | Opinion and Order Granting Motion to Dismiss | 364-371 |
| 2/18/14 | 18 | Judgment | 372 |